IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON R. KLEIN,<br>[DOB: 02/13/1980]<br><br>Defendant. | No. 17-3056-01-CR-S-MDH<br><br>18 U.S.C. § 1960(a)<br>NMT 5 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class D Felony<br><br>$100 Special Assessment |

# INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### Introduction and Background

At all times relevant and material to this Information, with all dates being approximate and all date ranges both approximate and inclusive:

1. Bitcoin are a decentralized form of electronic currency, existing entirely on the Internet and not in any physical form. The currency is not issued by any government, bank, or company, but rather is generated and controlled automatically through computer software operating on a "peer-to-peer" network. Bitcoin transactions are processed collectively by the software-enabled computers composing the network.

2. To acquire bitcoin in the first instance, a user typically must purchase them from a bitcoin "exchanger." In return for a commission, bitcoin exchangers accept payments of currency in some conventional form, including cash, and exchange the money for a corresponding number of bitcoin, based on a fluctuating exchange rate. Exchangers also accept payments of bitcoin and exchange the bitcoin back for conventional currency, again, charging a commission for the service.

3. Once a user acquires bitcoin from an exchanger, the bitcoin are kept in a "wallet" associated with a bitcoin "address," designated by a complex string of letters and numbers. The "address" is analogous to the account number for a bank account, while the "wallet" is analogous to a bank safe where the money in the account is physically stored. Once a bitcoin user funds his wallet, the user can then use bitcoin in the wallet to conduct financial transactions over the Internet by transferring bitcoin from his bitcoin address to the bitcoin address of another user.

4. All bitcoin transactions are recorded on a public ledger known as the "block chain," which is stored on the peer-to-peer network on which the bitcoin system operates. The block chain serves, among other purposes, to prevent a user from spending the same bitcoin more than once. However, the block chain reflects only the movement of funds between anonymous bitcoin addresses and, therefore, cannot by itself be used to determine the identities of the persons involved in the transactions. Only if one knows the identities associated with each bitcoin address involved in a set of transactions is it possible to meaningfully trace funds through the system.

5. Bitcoin are not illegal in and of themselves and have legitimate uses.

6. The defendant, **JASON R. KLEIN**, was the founder of two technology-based companies: Logic Forte and Datality Networks. Logic Forte purportedly provided consulting and computer programming assistance for the restaurant industry. Datality Networks purportedly provided Internet housing and network consulting.

7. The defendant was also the President of the Association of Information Technology Professionals ("AITP") – Southwest Missouri. AITP was a professional association that focused on technology education for business professionals. AITP's southwest Missouri chapter had approximately 230 members and was the largest chapter in the United States.

8. The defendant was a resident of Christian County, in the Western District of Missouri.

9. From at least in or about November 2014, through in or about July 2016, the defendant represented himself on the Internet to be a bitcoin exchanger, through the use of the username "jrklein" on the website www.localbitcoins.com.

10. On or between February 6, 2015, and July 27, 2016, the defendant met with Undercover Agent #1 ("UCA1") and/or Undercover Agent #2 ("UCA2"). During these meetings, UCA1 and/or UCA2 stated to the defendant that they possessed currency and they needed to exchange their currency for bitcoin. On numerous occasions during this timeframe, the defendant, acting with others, accepted said currency from UCA1 and/or UCA2 and exchanged it for varying amounts of bitcoin, which he then gave to UCA1 and/or UCA2.

11. On or about the dates set forth below, in Greene County, within the Western District of Missouri, the defendant, **JASON R. KLEIN**, acting with another, knowingly conducted a financial transaction affecting interstate commerce:

| DATE | FINANCIAL TRANSACTION |
| --- | --- |
| February 6, 2015 | The defendant paid approximately 4.095 bitcoin for United States currency, in the amount of $1,000.00. |
| March 4, 2015 | The defendant, acting with another, paid approximately 6.4 bitcoin for United States currency, in the amount of $2,000.00. |
| July 14, 2015 | The defendant paid approximately 24 bitcoin for United States currency, in the amount of $7,640.00. |
| September 9, 2015 | The defendant, acting with another, paid approximately 58 bitcoin for United States currency, in the amount of $15,000.00. |
| July 27, 2016 | The defendant paid approximately 5 bitcoin for United States currency, in the amount of $3,600.00. |

Each of these transactions occurred through the in-person exchange of United States currency and an electronic transfer of bitcoin to and through Missouri, and elsewhere, through the use of the Internet. Additionally, each transaction included the payment of a fee to Klein, or another individual.

## 18 U.S.C. § 1960(a) Violation

12. The facts alleged in paragraphs 1 through 11 are hereby re-alleged and incorporated by reference as if set forth in full herein.

13. On or between February 6, 2015, and July 27, 2016, in Greene County, within the Western District of Missouri, the defendant, **JASON R. KLEIN**, acting with another, knowingly and willfully conducted, controlled, managed, supervised, directed, and owned all and part of a money transmitting business affecting interstate commerce, to wit, a bitcoin exchange service, operated under username "jrklein," which (i) was operated without an appropriate money transmitting license from the State of Missouri, where such operation is punishable as misdemeanor or a felony, and (ii) failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations promulgated thereunder, to wit: the defendant transmitted thousands of dollars by means of electronic transfers to and through Missouri and elsewhere without an appropriate license

from the State of Missouri and without registering as a money transmitting business under Federal law, all in violation of Title 18, United States Code, Sections 1960(a) and 2.

Respectfully submitted,

THOMAS M. LARSON
Acting United States Attorney

_____
CASEY CLARK
Assistant United States Attorney

DATED: May 2, 2017
Springfield, Missouri