```
 1
 2            IN THE UNITED STATES DISTRICT COURT FOR THE
                     WESTERN DISTRICT OF MISSOURI
 3                         SOUTHERN DIVISION

 4  UNITED STATES OF AMERICA,    ) Case No. 17-03056-01-CR-S-MDH
                                 )
 5           Plaintiff,           ) Springfield, Missouri
                                 ) May 2, 2017
 6  v.                            )
                                 )
 7  JASON R. KLEIN,               )
                                 )
 8           Defendant.           )
    _____)
 9
             TRANSCRIPT OF HEARING ON WAIVER OF INDICTMENT,
10            FILING OF INFORMATION AND PLEA TO INFORMATION
                   BEFORE THE HONORABLE DAVID P. RUSH
11                   UNITED STATES MAGISTRATE JUDGE

12  APPEARANCES:

13  For the Plaintiff:         Mr. Casey M. Clark
                               Assistant United States Attorney
14                             901 St. Louis St., Ste. 500
                               Springfield, MO  65806
15                             (417) 831-4406

16  For the Defendant:         Mr. Mark C. Milton
                               190 Carondelet Plaza, Ste. 600
17                             St. Louis, MO 63105
                               (314) 345-6362
18
    Court Audio Operator:      Ms. Karla Berziel
19
    Transcribed by:            Rapid Transcript
20                             Lissa C. Whittaker
                               1001 West 65th Street
21                             Kansas City, MO  64113
                               (816) 914-3613
22

23

24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.
```

Case 6:17-cr-03056-MDH   Document 12   Filed 05/08/17   Page 1 of 12

1  (Court in Session at 1:28 p.m.)

2  THE COURT: Calling in *United States vs. Jason Klein*.
3  The defendant appears in person along with his attorney, Mr. Mark
4  Milton. The United States is represented by Assistant United
5  States Attorney, Mr. Casey Clark. This matter is set this
6  afternoon -- (clearing throat) excuse me -- for a Waiver of
7  Indictment, the filing of an Information and then a plea to that
8  Information pursuant to a written Plea Agreement. Mr. Klein,
9  have you seen the Information that the Government proposes to
10 file in your case? And I'll ask -- the microphone in front of
11 you is a multidirectional microphone, so if you'll just -- yeah.
12 Speak in the direction of the microphone so that the hearing can
13 be recorded. Have you seen the Information that the Government
14 proposes to file in your case?

15 MR. KLEIN: Yes.

16 THE COURT: And do you understand that because the
17 maximum penalty contained in that Information exceeds one year
18 that you have an absolute right to have this matter represented
19 to the Federal Grand Jury?

20 MR. KLEIN: Yes, Your Honor.

21 THE COURT: I'm going to briefly describe for you the
22 Grand Jury process and then I'm going to ask you two follow-up
23 questions. A Grand Jury would consist of not more than 23 and
24 not less than 16 persons. And they would listen to the evidence
25 presented by the United States. If not satisfied with the scope

of that evidence, they could subpoena evidence themselves.  And if, after hearing it all, they found probable cause to believe that this offense had been committed and you committed it then they would return an Indictment and that would be the charge against you.  If they did not so find, this charge could not be filed.  The only way that the Government can file this Information without going through the Grand Jury process is with your informed knowledge and consent.  Now you've signed a Waiver of Indictment along with your attorney.  Do you understand that you have a right to have this matter presented to the Federal Grand Jury?

        MR. KLEIN:  Yes, Your Honor.

        THE COURT:  And is it your desire to give up that right understanding that that will allow the Government to file this Information?

        MR. KLEIN:  Yes, Your Honor.

        THE COURT:  I am also going to also sign the Waiver of Indictment finding that the waiver has been made with the defendant's informed knowledge and consent and the Information is filed.  Now, Mr. Klein, you've also signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of the plea of guilty and sentencing.  Even though you signed this consent you have a right, if you wish, to appear before a

1  United States District Judge, a judge of higher jurisdiction, for
2  these proceedings.  At any appearance before the District Judge,
3  you're presumed innocent until such time, if ever, as the United
4  States establishes your guilt beyond a reasonable doubt to the
5  satisfaction of the judge or jury.  You always have a right to
6  confront and cross-examine witnesses.  You have a right to use
7  the power of the court to subpoena evidence on your behalf and
8  you have a right to testify or not testify as you would choose.
9  And if you chose not to testify it would not be held against you
10 as that is your right.  If, after understanding the charges
11 against you, the range of punishment, if convicted, and your
12 right to appear before a District Judge, if you wish, you may
13 waive or give up that right and proceed this afternoon before the
14 Magistrate Judge.  As I indicated, you have signed such a
15 consent.  Do you understand that you have a right to appear
16 before a United States District Judge, a judge of higher
17 jurisdiction, for these proceedings?
18          MR. KLEIN:  Yes, Your Honor.
19          THE COURT:  And is it your desire to give up that right
20 and proceed this afternoon before the Magistrate Judge?
21          MR. KLEIN:  Yes, Your Honor.
22          THE COURT:  Mr. Klein, do you understand the charge
23 against you in the Information that's been filed in this case?
24          MR. KLEIN:  Yes, Your Honor.
25          THE COURT:  Do you understand that if convicted of the

1  charge, that the maximum penalty the court may impose is not more
2  than five years imprisonment, not more than a $250,000 fine, not
3  more than three years supervised release, and a $100 mandatory
4  special assessment?  I want to check something else very quickly.
5                   (Court Reviewing Documents)
6       THE COURT:  Yeah.  Do you understand that that is your
7  range of punishment?
8       MR. KLEIN:  Yes, Your Honor.
9       THE COURT:  To the charge in the Information, how do you
10 wish to plead, guilty or not guilty?
11      MR. KLEIN:  Guilty.
12      THE COURT:  Would you please raise your right hand?
13              JASON R. KLEIN, DEFENDANT, SWORN
14      THE COURT:  Has anyone made any threat of any kind to
15 force you to plead guilty or give up any of the other rights
16 we've discussed this morning -- this afternoon?
17      MR. KLEIN:  No, Your Honor.
18      THE COURT:  You've signed a Plea Agreement.  Have you
19 read that agreement and gone over it with your attorney?
20      MR. KLEIN:  Yes, Your Honor.
21      THE COURT:  Do you understand what's in it?
22      MR. KLEIN:  Yes, Your Honor.
23      THE COURT:  Other than what is contained in the Plea
24 Agreement, has anyone made any promise of any kind to induce you
25 or overcome your will to get you to plead guilty or give up any

1  of the other rights we've discussed?

2  MR. KLEIN: No, Your Honor.

3  THE COURT: I mentioned to you -- (clearing throat)
4  excuse me -- that there was a supervised release term of not more
5  than three years that could be imposed in your case. Do you
6  understand that if that term were imposed and then revoked for
7  any reason, that you could be required to serve an additional
8  term of imprisonment of not more than two years and if that
9  happened, you would receive no credit for any other time you had
10 spent either in custody or on release?

11 MR. KLEIN: Yes, Your Honor.

12 THE COURT: Do you understand that the District Court
13 could then impose an additional term of supervised release, which
14 is governed by the maximum of the statute, minus any time you'd
15 spent in custody as a result of a violation?

16 MR. KLEIN: Yes, Your Honor.

17 THE COURT: Do you understand that from a sentence
18 imposed in your case that there is no parole?

19 MR. KLEIN: Yes, Your Honor.

20 THE COURT: Do you understand that there are Sentencing
21 Guidelines to which the District Court would refer to in an
22 advisory capacity when attempting to fashion a reasonable
23 sentence in your case?

24 MR. KLEIN: Yes, Your Honor.

25 THE COURT: There are guideline calculations in your

Plea Agreement. I believe Paragraph 10 specifically addresses them. Have you discussed the guidelines with your attorney?

MR. KLEIN: Yes, Your Honor.

THE COURT: And do you understand them?

MR. KLEIN: Yes, Your Honor.

THE COURT: Do you understand that the final decision as to how the guidelines are calculated and ultimately what sentence will be imposed rests with the District Judge?

MR. KLEIN: Yes, Your Honor.

THE COURT: If the District Judge would calculate the guidelines differently from what is in the Plea Agreement, from what you've discussed with your attorney, that fact would not give you the right to withdraw or change your plea of guilty. Do you understand that?

MR. KLEIN: Yes, Your Honor.

THE COURT: Once the District Judge establishes the advisory guideline range, in some circumstances, you could be sentenced above that range and, in other circumstances, you could be sentenced below that range. And again, the judge's decision, if you disagreed, would not give you the right to withdraw your plea of guilty. Do you understand that?

MR. KLEIN: Yes, Your Honor.

THE COURT: Now, Mr. Klein, you have a right to a trial by jury with all the protections that I explained to you at the beginning of these proceedings. Do you understand your right to

1  a trial by jury?
2        MR. KLEIN:  Yes, Your Honor.
3        THE COURT:  And do you understand that if the court
4  accepts your plea of guilty that there won't be a trial?
5        MR. KLEIN:  Yes, Your Honor.
6        THE COURT:  Now I'm going to ask you about the offense
7  charged in the Information.  I would remind you that you are
8  under oath.  You must answer truthfully.  Any false answers could
9  result in charges of false swearing or perjury.  You always have
10 the right to remain silent.  And I want to refer you to your Plea
11 Bargain Agreement, specifically -- do you have a copy of that
12 before you, Mr. Milton?  Yeah.  Thank you.  Specifically on page
13 2, Section 3 or Paragraph 3, which is entitled in bold **Factual**
14 **Basis for Guilty Plea**.  That continues throughout the remainder
15 of page 2, the entirety of page 3 and then onto a portion of page
16 4.  Have you read Paragraph 3 and gone over it with Mr. Milton?
17       MR. KLEIN:  Yes, Your Honor.
18       THE COURT:  And are the statements contained in Section
19 3 true?
20       MR. KLEIN:  Yes, Your Honor.
21       THE COURT:  Mr. Milton, you've had access to the
22 Government's discovery file in this case, have you not?
23       MR. MILTON:  Yes, Your Honor.
24       THE COURT:  And based upon your review of the discovery
25 file, are you satisfied, if put to proof, that the United States

```
 1  could make a submissible case as to all the elements pertaining
 2  to the Information as set forth in Section 3 of the Plea
 3  Agreement?
 4          MR. MILTON:  I am, Your Honor.
 5          THE COURT:  There is an adequate factual basis for the
 6  plea of guilty to the Information.  I find that the plea is
 7  voluntary and did not result from force, threats or promises
 8  other than those set forth in the Plea Agreement.  Mr. Klein, you
 9  are represented in this case by Mr. Milton.  Have you had enough
10  time to talk with him about your case?
11          MR. KLEIN:  Yes, I have, Your Honor.
12          THE COURT:  And are you satisfied with the advice that
13  he's given you?
14          MR. KLEIN:  Yes, Your Honor.
15          THE COURT:  The law requires me to ask you if this
16  afternoon you are on any medication prescribed by a physician or
17  any drugs or alcohol of any kind which would affect your ability
18  to understand these proceedings?
19          MR. KLEIN:  No, I am not, Your Honor.
20          THE COURT:  The Plea Bargain Agreement that you've
21  signed also contains what we refer to as an appeal waiver.  And
22  again I'd like to direct you to your Plea Bargain Agreement,
23  specifically on page 11.  It would be Paragraph 15 and it is
24  entitled in bold **Waiver of Appellate and Post-Conviction Rights.**
25  Have you read Paragraph 15 and gone over it with your attorney?
```

1    MR. KLEIN: Yes, Your Honor.

2    THE COURT: And do you understand that by signing this Plea Agreement that you've given up those rights to appeal as set forth in Paragraph 15?

5    MR. KLEIN: Yes, I do, Your Honor.

6    THE COURT: Understanding that and the other matters that we've discussed this afternoon, is it your desire for the court to accept the plea of guilty?

9    MR. KLEIN: Yes, Your Honor.

10   THE COURT: Mr. Clark, on behalf of the United States, do you have any other record under Rule 11 that you think I need to make?

13   MR. CLARK: No, Your Honor. Thank you.

14   THE COURT: Mr. Milton, on behalf of the defendant, do you have any other record under Rule 11 that you think I need to make?

17   MR. MILTON: No, sir. Thank you.

18   THE COURT: I will recommend the plea of guilty be accepted and I will order a Presentence Investigation to be conducted by the Probation Office. Mr. Klein, there's been no request by the United States for detention in this matter. And, therefore, I have prepared a bond and order setting conditions of release for your signature which you reviewed with Ms. Allison prior to coming to court and you've signed them. Do you understand the conditions of your release and the penalties if

1 you violate any or fail to appear?
2     MR. KLEIN:  Yes, Your Honor.
3     THE COURT:  And do you agree to abide by them?
4     MR. KLEIN:  I do, Your Honor.
5     THE COURT:  I will then order you released on these
6 conditions.  Is there anything further from either side?
7     MR. CLARK:  No, Your Honor.  Thank you.
8     MR. MILTON:  No, Your Honor.  Thank you.
9     THE COURT:  All right.  Thank you.  With that, we'll be
10 in recess.
11              (Court Adjourned at 1:39 p.m.)

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

/s/ Lissa C. Whittaker        May 8, 2017
Signature of transcriber        Date